UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JULIE ELICE FONTAINE, et al.,

    Plaintiffs,

v.                                                Case No. 3:16-cv-1301-J-34MCR

JPMORGAN CHASE BANK, N.A., et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Monte C. Richardson's Report and Recommendation (Doc. 40; Report), entered on July 26, 2017. In the Report, Judge Richardson recommends that Defendants' motions to dismiss this action, see Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss with Prejudice and Memorandum of Law in Support (Doc. 18; Chase's Motion) and Defendant PHH's Motion to Dismiss Complaint with Prejudice and Incorporated Memorandum of Law in Support Thereof (Doc. 19; PHH's Motion), (collectively, Motions to Dismiss), be granted, and that Plaintiff's Motion to Comply with Order [35] Regarding M.D. Fla. R. 3.01(g) [sic] (Doc. 37; Plaintiffs' Motion) be denied. See Report at 2, 26. On August 11, 2017, Plaintiffs filed an objection to the Report. See Plaintiff's Objection to the Honorable Court's Recommendation to Dismiss Plaintiff's Case [sic] (Doc. 41; Objection). On the same day, Plaintiffs filed an amended complaint, see Plaintiff's Amended Complaint to Portray and Assert Newly Discovered Evidence [sic] (Doc. 42; Amended Complaint), without seeking leave of Court, and Plaintiff's Motion to Dismiss Plaintiffs [sic] (Doc. 43; Motion to Dismiss

Plaintiffs). On August 22, 2017, Defendants JP Morgan Chase Bank, N.A. (Chase) and PHH Mortgage Corporation (PHH) sought leave for an extension of time to respond to the Objection and Amended Complaint to September 1, 2017. See Defendants JPMorgan Chase Bank, N.A.'s and PHH Mortgage Corporation's Joint Motion for Enlargement of Time and Memorandum in Support (Doc. 47; Motion for Extension). However, based on the Court's findings in this Order, the Motion for Extension is due to be denied as moot. Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

As a preliminary matter, the Court will address the Motion to Dismiss Plaintiffs, which is signed by both James Thompson and Nancy James. The Court construes this motion as a notice of voluntary dismissal with respect to Thompson and James. Upon review of the docket, the Court notes that Defendants have neither served answers nor motions for summary judgment as to these Plaintiffs. Accordingly, pursuant to Rule 41(a)(1)(A)(i), Federal Rules of Civil Procedure, this case is due to be dismissed without prejudice with respect to Plaintiffs Thompson and James.

Next the Court addresses the Report and Plaintiff Julie Elice Fontaine's Objection.[1] Upon independent review of the file and for the reasons stated in the Report, the Court will overrule the Objection, and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge with respect to Plaintiff Julie Elice Fontaine.[2] As such, with respect to Plaintiff Julie Elice Fontaine,[3] the case is due to be dismissed with prejudice. Accordingly, it is hereby **ORDERED**:

---

[1] Although Plaintiff Fontaine objected to the Report, her contentions do not actually pertain to or specify any finding or recommendation of the Magistrate Judge. Instead, Fontaine asserts that her claims "are meritorious, just, proper and legal," and that it would be "premature for the Honorable Court to dismiss Plaintiff's case." See Objection at 1. Such generalized objections are entirely insufficient to warrant specific de novo consideration of the Magistrate Judge's factual findings. See Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."); see also United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam); 28 U.S.C. § 636(b). Indeed, Plaintiff must identify those portions of the factual findings in the Report of which she requests this Court's specific consideration. Schultz, 565 F.3d at 1361. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." Id. (quoting Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. Unit B 1982), overruled on other grounds, Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)). In the Objection, Fontaine simply disagrees with the Magistrate Judge's ultimate conclusion rather than presents a specific objection to a factual finding in the Report. As such, the Court finds that Fontaine would not be entitled to a de novo review of the Magistrate Judge's factual findings. Nevertheless, the undersigned concludes the Magistrate Judge's findings are fully supported by the record.

[2] In footnote 9 on page 13, the Report looks to Florida law to address a conflict between the allegations in the Complaint and the documents attached to, and made part of, the Complaint. See Report at 13 n.9. However, as this matter is before the Court on the basis of diversity jurisdiction, Florida law provides the substantive law, but federal law governs procedural issues. See Salve Regina Coll. v. Russell, 499 U.S. 225, 226, 111 S. Ct. 1217, 1218, 113 L. Ed.2d 190 (1991) ("Erie mandates that a federal court sitting in diversity apply the substantive law of the forum State, absent a federal statutory or constitutional directive to the contrary."). Indeed once an action is removed the Federal Rules of Civil Procedure apply. See Hollis v. Fla. State Univ., 259 F.3d 1295, 1299 (11th Cir. 2001). Under federal law, when the exhibits attached to a complaint "contradict the general and conclusory allegations of the pleading, the exhibits govern." Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007); see also Michel v. NYP Holdings, Inc., 816 F.3d 686, 704 (11th Cir. 2016); Garrison v. Caliber Home Loans, Inc., 233 F. Supp. 3d 1282, 1287 (M.D. Fla. 2017). Thus, had Plaintiffs Thompson and James not voluntarily dismissed their claims, applying federal law, the Court similarly would have concluded that Plaintiffs Thompson and James lack standing.

[3] The Court notes that immediately after filing the Objection, Plaintiffs, without seeking leave of Court, filed the Amended Complaint. See generally Amended Complaint. Although this document is not properly before the Court, in an abundance of caution, before determining whether to accept the recommendation of the Magistrate Judge, the Court has considered whether the Amended Complaint would cure Plaintiffs' pleading deficiencies. To the extent that Plaintiffs re-assert claims to quiet title and for declaratory relief, Plaintiffs have failed to cure their pleading deficiencies. Additionally, to the extent that Plaintiffs assert new claims, the Court notes that granting leave to file the Amended Complaint would be futile because Plaintiffs

1. Defendants JPMorgan Chase Bank, N.A.'s and PHH Mortgage Corporation's Joint Motion for Enlargement of Time and Memorandum in Support (Doc. 47) is **DENIED as MOOT**.

2. Pursuant to Rule 41(a)(1)(A)(i), the claims of James Thompson and Nancy James are **DISMISSED** without prejudice.

3. Plaintiff's Objection to the Honorable Court's Recommendation to Dismiss Plaintiff's Case (Doc. 41) is **OVERRULED**.

4. The Magistrate Judge's Report and Recommendation (Doc. 40) with respect to Julie Elice Fontaine, as modified here, is **ADOPTED** as the opinion of the Court.

5. Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss with Prejudice and Memorandum of Law in Support (Doc. 18) is **GRANTED** to the extent that the claims of Plaintiff Julie Elice Fontaine are **DISMISSED with prejudice**.

6. Defendant PHH's Motion to Dismiss Complaint with Prejudice and Incorporated Memorandum of Law in Support Thereof (Doc. 19) is **GRANTED** to the extent that the claims of Plaintiff Julie Elice Fontaine are **DISMISSED with prejudice**.

---

again have filed an impermissible shotgun pleading, have failed to state a claim, and failed to comply with procedural rules of which they have been made aware. As stated by Judge Barksdale in Fontaine's prior action:

> [The Amended Complaint] falls well shy of the 'short and plain' standard, it includes allegations that are the opposite of 'simple, concise, and direct,' it fails to limit each numbered paragraph as far as practicable to a single set of circumstances, it includes redundant matter (like block quotes of statutes), it includes many conclusory statements, and it fails to differentiate among the defendants.

See Fontaine v. JP Morgan Chase Bank, N.A., No. 3:15-cv-193-J-34PDB (M.D Fla. Jan. 11, 2016) (Doc. 51; Order at 7). Having determined that the Amended Complaint is insufficient, and for the reasons stated in the Report, the Court concludes that this action is due to be dismissed with prejudice with respect to Fontaine.

7. Plaintiff's Motion to Comply with Order [35] Regarding M.D. Fla. R. 3.01(g) [sic] (Doc. 37) is **DENIED**.

8. The Clerk of Court is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 30th day of August, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc25
Copies to:
Counsel of Record
Pro Se Parties